# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1781V

| | |
|---|---|
| NICOLE MICHELE GUILHAMET,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 24, 2025 |

*Christopher Williams*, Siri & Glimstad LLP, New York, NY, for Petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 5, 2022, Nicole Michele Guilhamet filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of receiving an influenza vaccine to her left shoulder on November 22, 2021. Petition, ECF No. 1. On February 24, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 47.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $51,790.21[3] (representing $51,033.80 in fees, plus $756.41 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 25, 2025, ECF No. 52. Furthermore, Petitioner filed a signed statement representing that he incurred no personal out-of-pocket expenses. ECF No. 52-4.

Respondent reacted to the motion on April 25, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 53. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl.

---

[3] It appears that there's a scrivener's error on page 1 and 9 of Petitioner's Motion regarding the total amount of attorney's fees requested herein. Petitioner requested $47,493.10 in fees, see ECF No. 52 at 9. However, a review of the billing records reflects the *higher* amount of $51,033.80 in attorney's fees was actually incurred in this case. Accordingly, the amount to be awarded herein will be based on the amount reflected in the attorney's billing invoices submitted in support thereto.

2

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Because Petitioner succeeded in this matter, her entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable.* The attorney's fees sought in this case exceed Petitioner's recovery, and are high overall, especially compared to SPU cases generally. Counsel must in the future ensure not to bill sums to a matter where the disparity between time expended by counsel and the Petitioner's award is so readily evident.

   A. *Hourly Rates*

The hourly rates requested by attorneys Christopher Williams, Jessica Wallace Kathleen Prlich, and supporting paralegals for all work performed in this matter through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be awarded herein.

However, Ms. Daisy Mazoff was previously awarded the rate lesser rate of $375 per hour for all time billed in 2023, less than what is being requested herein. *See W.R., v. Sec'y of Health & Hum. Servs.,* No. 20-1401, Slip Op, 60 (Fed. Cl. Spec. Mstr. Oct. 23, 2023). And retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g. *Ramirez* v. *Sec'y of Health & Hum. Servs*., No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him."). I find no reason to deviate from that determination and therefore reduce Ms. Mazoff's 2023 rate to be consistent with *W.R.* **Application of the foregoing results in a reduction in the amount of fees to be awarded herein of $18.20.**[4]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 52-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[4] This amount consists of: ($389 - $375 = $14 x 1.30 hours billed in 2023 = $18.20).

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $51,772.01 (representing $51,015.60 in fees, plus $756.41 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.